### SOUTHLAND GENERAL BUILDERS, Inc. v. CITY OF MIAMI BEACH.
No. 63-C-223.

Circuit Court, Dade County.

January 19, 1963.

Klein, Moore & Kline, Miami Beach, for plaintiffs.

Joseph A. Wanick, City Attorney, for defendant.

RAY PEARSON, Circuit Judge.

This cause came on to be heard upon final hearing on plaintiffs' application for a permanent injunction. The court, heretofore, by its order of January 10, 1963, denied plaintiffs' application for a temporary injunction on the ground that the ordinance sought to be declared unconstitutional by plaintiffs could not be held void or unconstitutional per se, Singer v. Ben How Realty, Inc., 33 So.2d 409, and thus the issuance of an injunction pendente lite would be inappropriate until the defendant had answered and a hearing could be held before the court on the merits.

In view of the court's denial of the temporary injunction, and further in view of the fact that time was of the essence, or irreparable damage would be done to plaintiffs, and because of the emergency nature of this matter, the court, in the interest of prompt justice to all parties and with their consent, had the defendant file its answer by January 14th and advanced this cause for final hearing on January 16, 1963.

This court, having heard the testimony and proofs offered by the plaintiffs, the defendant offering no testimony or proof whatsoever, and having heard argument of counsel, and considered the evidence, finds as follows —

That the court has jurisdiction of the parties and of the subject matter of this action.

That the equities of this cause are with the plaintiffs and against the defendant.

That the plaintiffs, by their testimony and evidence, have sustained the material allegations of their complaint.

The evidence indicates that the ordinance, although termed an "anti-noise" ordinance, is actually an "anti-building" ordinance, the practical effect of which is to prohibit the plaintiffs or others, at the instigation or whim of a neighbor, from doing any construction during the periods set forth in the ordinance, December 1st through March 31st. The evidence further indicates that the terms of the ordinance are harsh in that for an arbitrary period of one-third of a year the plaintiffs are prevented from improving their property — because to do so might, presumably, create such noises as would annoy others.

Plaintiffs presented an abundance of evidence that the ordinance was generally being ignored by the defendant and that plaintiffs and only one other party were being threatened with prosecution under the ordinance where complaints were made by adjoining property owners. In order to justify interference by

the defendant in the exercise of its police powers, where they clash with the full enjoyment of property by its owner, the welfare of the whole people must so far outweigh the importance of the individual that the interference with his constitutional guarantees can be justified. The need for the incursion of constitutional guarantees must be clear, and from the evidence adduced at the final hearing in this cause, there is no justification for requiring plaintiffs to cease their construction for one-third of the year. Town of Bay Harbor v. Schlapik, 57 So.2d 855.

While the court recognizes the fact that the municipality of Miami Beach is unique in all the world as a winter resort area, and has no equal; that its status as a resort area is accentuated by the fact that it has no railroads, factories, graveyards, airports or similar commercial enterprises, which greatly enhance its value as a resort to make the visits of its tourists more pleasurable; that it is a city with the finest of hotels and beaches which, by wise planning, zoning and the excellent efforts of its city government, have lent so much to the city's national, as well as international, attractiveness for visitors and tourists, nevertheless, such great and worthy motives on behalf of the city, to limit noise under the guise of an "anti-noise" ordinance, which has the effect of forcing a property owner to forbear from using his property, is entirely out of proportion to any benefit redounding to the public, and is unreasonable and unconstitutional.

The court recognizes that at the time of the enactment of the ordinance in 1937, Miami Beach was primarily a winter resort and that its growth and continued success was wholly and solely dependent upon such winter season; that at the time of its enactment, the legislative intent of the city was to endeavor to prohibit noises at a time of year so crucial to the economic life of the city, and that if the necessity for the passing of the ordinance at such time existed or was valid, such necessity no longer exists or is valid. The court must take judicial notice, as a long-time resident of this area, of the obvious change in the economics of Miami Beach as a tourist area. At the time the ordinance was adopted, Miami Beach depended solely upon the tourists who visited the city during the winter months, and after the so-called "winter season," most of the hotels, apartments, shops and business were closed due to lack of visitors. Today, the city of Miami Beach depends equally, if not more, on year-round tourists and visitors, as well as on winter tourists, and it is evident that the city could not survive as a resort area solely on the "winter season." Thus, if the economic character and life of the city were a reasonable basis for limiting the months of work, as provided by the ordinance at the time of its enactment, such reason is non-existent today.

The exception set forth in section 7 of the ordinance is obviously unconstitutional, since it delegates to an administrative officer from a legislative body the right to exercise an arbitrary, discretionary power.

The court finds that the cases relied upon as authority by the defendant (Singer v. Ben How Realty, Inc., 33 So.2d 409, City of Miami Beach v. Ben How Realty, Inc. 168 Fed.2d 378) do not pass on the constitutionality of the ordinance involved, but relate solely as to whether there was equity in the bills of complaint and the propriety of temporary injunctions.

It is, therefore, ordered, adjudged and decreed as follows — 1. That section 6 and subsection 2 of section 7 of the Anti-Noise Ordinance of the City of Miami Beach, ordinance no. 497, are void and unconstitutional. 2. That the City of Miami Beach and its agents, servants and employees, be, and they are hereby perpetually and permanently enjoined from enforcing section 6 and subsection 2 of section 7 of said city ordinance no. 497, or in any way interfering with the rights of the plaintiffs as to said ordinance, hereby declared unconstitutional.